**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-cv-5944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>*Luscher v. Mitsubishi Electric Corp.*,<br>No. 17-cv-04067-JST | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT MITSUBISHI ELECTRIC CORPORATION**<br><br>Hon. Jon S. Tigar |

1    The Indirect Purchaser Plaintiffs' ("IPPs") have filed a Motion for Final Approval of Class Action Settlement with Defendant Mitsubishi Electric Corporation ("Mitsubishi Electric"). The Court, having reviewed the motion, the settlement agreement between IPPs and Mitsubishi Electric ("Settlement Agreement"), the pleadings and other papers on file in this Action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreement, including all members of the Settlement Class and Mitsubishi Electric.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, after a hearing, the Court hereby finally approves and confirms the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class within the meaning of Rule 23 and directs its consummation according to its terms. Specifically:

    a. The class representatives and counsel have vigorously represented the interests of the Settlement Class;

    b. The Settlement Agreement was negotiated by arm's-length, informed, and non-collusive negotiations between counsel for IPPs and Mitsubishi Electric under the supervision of a Magistrate Judge;

    c. The relief provided for the Settlement Class is adequate, considering: (i) the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of IPPs' case; (ii) the effectiveness and straightforwardness of the proposed claims process, which is similar to the process this Court previously approved; and (iii) the reasonableness of the request for an award of attorneys' fees and reimbursement of litigation expenses.

        d.     The Settlement Agreement treats class members equitably relative to each other. IPPs propose to use the same weighted pro-rata plan of distribution that this Court has approved for the prior settlements in this case. This Court thus finds IPPs' Plan of Distribution is fair, reasonable, and adequate.

5.     The Plan of Distribution set forth in the Class notice is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Distribution.

6.     The Court does hereby find, for the reasons set forth in its October 31, 2022 Preliminary Approval Order, ECF No. 6104, and for purposes of judgment on the Settlement Agreement only, that the Settlement Class defined in that Order satisfies the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

7.     The Court hereby confirms the appointment of Mario N. Alioto and Trump, Alioto, Trump & Prescott, LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that these Settlement Class Counsel have protected and will continue to fairly and adequately protect the interests of the Settlement Class.

8.     The notice given to the Class of the Settlements set forth in the Settlement Agreement and other matters set forth therein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and all applicable state laws.

9.     Ali Ratzel of Jefferson City, Missouri, the class member who made a timely request to opt out of the Settlement, is excluded from the Settlement Class.

10.     The Court hereby dismisses on the merits and with prejudice the claims asserted by the IPPs against Mitsubishi Electric, which were certified as a settlement class in the Court's Order Granting Final Approval, with IPPs and Mitsubishi Electric to bear their own costs and attorneys' fees except as provided for in the Settlement Agreement.

11. The Mitsubishi Electric Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

12. The United States District Court for the Northern District of California shall retain jurisdiction, which shall be exclusive to the extent permitted by law, over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by IPPs and Mitsubishi Electric. The Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

13. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by IPPs for attorneys' fees, costs, expenses, interest, and incentive awards; (d) the Action until the Final Judgment contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the Plan of Distribution of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreement.

14. The Court determines under Rule 54(b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry of Judgment, as Final Judgment, as to the parties to the Settlement Agreement.

/ / /

/ / /

15. Accordingly, the Clerk is hereby directed to enter Judgment forthwith against Mitsubishi Electric.

SO ORDERED this 6th day of November, 2023.

_____
HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE

- 4 -

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**
Master File No. 07-cv-5944-JST, Case No. 17-cv-04067-JST, MDL No. 1917